## THE JOHN MITCHELL.

### (District Court, E. D. New York. 1882.)

1. COLLISION—CROSSING COURSES—MANEUVER IN EXTREMIS.

    Where it was not possible for a pilot-boat, by holding her course and beating out her tack, to cross the bows of a tug without collision, she is justified in attempting at the last moment to avoid the collision by keeping away, and her failure to accomplish this is no fault.

2. SAME—CHOICE OF MANEUVERS.

    Where it was doubtful whether she could have accomplished such a maneuver in safety, it is no fault to decline crossing the hawser between the tug and her tow.

3. SAME—ERROR IN EXTREMIS—NOT A FAULT.

    A mere error in the selection of means to avoid a danger cast upon a vessel by the fault of the other vessel would not render the erring vessel responsible for the result.

*Hill, Wing & Shoudy,* for libellant.

*Chas. W. Sloane* and *Beebe, Wilcox & Hobbs,* for respondent.

BENEDICT, D. J. This action is brought to recover of the tug John Mitchell and the pilot-boat Alexander M. Lawrence damages for a collision with the bark ———. The place of collision was in the bay of New York, just above the Narrows. The tug was towing the bark in from sea, on a hawser, intending to stop off the boarding station. The tide was flood, and the wind from the southward. The pilot-boat was beating down the bay. On her port tack she crossed the bows of

the tug, standing in to the Staten island shore. The tug, after the pilot-boat had passed her bows, turned about in order to stop head to the tide, swinging toward the Staten island shore as she turned, and the bark followed her upon the swing. The bark, meanwhile, beat out her tack at the Staten island shore, and when in the act of falling away upon the starboard tack found the tug then heading down the bay, almost directly in her track, with the bark still on the swing. The tug then stopped and hailed the pilot-boat to go across the hawser by which the bark was being towed, and between the tug and the bark. Instead of doing so, a pilot on the boat seizing the wheel put it hard up, with the intention of keeping the pilot-boat off, so as, if possible, to clear the bark to the westward. But the time was not sufficient, and the pilot-boat came in collision with the bark on her port side.

It is manifest from this statement of facts that the tug when she undertook to turn around, the pilot-boat being then about to tack between her and the Staten island shore, took the risk of keeping out of the course of the pilot-boat as she came out of her starboard tack, and at the same time had the right to rely upon the pilot-boat's beating out her tack, and holding her course after she came on the starboard tack. It is conceded that the pilot-boat beat out her tack. The case turns, therefore, upon the question whether the pilot-boat, by holding her course upon the starboard tack, could cross the bows of the tug. The testimony for the tug shows that it was not possible for the pilot-boat to cross the bows of the tug without collision. She was, therefore, justified in attempting, at the last moment, to avoid collision by keeping away; and her failure to accomplish this was no fault. Neither was it a fault to decline to attempt to cross the hawser between the tug and the bark. It is at least doubtful whether she could have accomplished such a maneuver in safety. But, whether feasible or not, the maneuver was one not by any means obligatory upon the pilot-boat. Having been placed in a position of immediate peril by the fault of the tug in getting upon her course, it was the right of the pilot-boat to judge what it was best for her to attempt; and if it were true that she erred in the selection of means to avoid a danger cast upon her by the fault of the tug, such an error would not render her responsible for the result. It is plain, therefore, that the tug is liable for the danger caused to the bark; and she is the only one responsible, for the bark had nothing to do, and did nothing, but to follow in the course prescribed for her by the tug.

There must be a decree in favor of the libellant against the tug; and the libel as against the pilot-boat must be dismissed, with costs.